IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| NATHAN CHAMBERS, | ) | |
| Plaintiff; | ) ) ) | |
| vs. | ) | 6:14-cv-00316-LSC |
| TRAVIS WRIGHT, et al., | ) ) ) | |
| Defendants. | ) | |

MEMORANDUM OF OPINION

Nathan Chambers ("Chambers") filed a civil rights action in this Court, seeking money damages along with declaratory and injunctive relief under 42 U.S.C. § 1983 ("§ 1983"). All Defendants have filed answers responding to the claims for money damages, but Defendant Rick Harris ("Harris") has moved to dismiss Chambers's demands for declaratory and injunctive relief. (Doc. 11.) Both parties briefed the motion when the case was before a Magistrate Judge, and the motion is ripe for review. For the reasons discussed below, it is due to be granted.

I.   BACKGROUND

Chambers was incarcerated at the Winston County jail (the "Jail") on two separate occasions. He was held at the Jail from February 7, 2012, until April 30, 2012,

and again from June 27, 2012, until August 28, 2012, while awaiting trial. Defendants Travis Wright ("Wright") and James Whitman ("Whitman") were employed as corrections officers at the Jail while Chambers was held there, and Defendant Harris ("Harris") was the sheriff of Winston County, Alabama.

During his incarceration, Chambers had multiple incidents with Wright. Around July 31, 2012, Chambers claims that Wright sprayed him with a powerful "pepper"-type spray known as "freeze" after Chambers referred to Wright as "Cowboy." According to Chambers, Wright had no justification for spraying him, and he did so only for his own amusement. Additionally, Wright and the other Defendants exacerbated the effects of the spray by denying him access to adequate ventilation and medical care. In addition to the spraying incident, Chambers claims that Wright intentionally struck him in his kidney on multiple occasions. Again, Chambers alleges that Wright had no justification to strike him.

On February 21, 2014, Chambers filed his complaint in this Court. He alleges § 1983 claims based on violations of his Eighth and Fourteenth Amendment rights for the spraying and kicking incidents. Chambers's claims against the Defendants for money damages based on these violations are not at issue. However, Chambers demands injunctive and declaratory relief against Harris in his official capacity,

seeking to have this Court declare a number of policies at the Jail unconstitutional.

## II.   STANDARD OF REVIEW

Standing is an Article III doctrine limiting the jurisdiction of the federal courts to actual "cases" and "controversies." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998). In order to establish standing, a plaintiff "must demonstrate injury in fact, causation, and redressability." *I.L. v. Alabama*, 739 F.3d 1273, 1278 (11th Cir. 2014). As Chambers is the party invoking this Court's jurisdiction, he has the burden of establishing standing. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992).

"[E]ach element of standing must be supported 'with the manner and degree of evidence required at the successive stages of the litigation.'" *Church v. City of Huntsville*, 30 F.3d 1332, 1336 (11th Cir. 1994) (quoting *Lujan*, 504 U.S. at 561, 112 S.Ct. at 2136). When raised at the motion to dismiss stage, "general factual allegations of injury resulting from the defendant's conduct may be sufficient to show standing." *America's Health Ins. Plans v. Hudgens*, 742 F.3d 1319, 1327 (11th Cir. 2014). However, a defendant may raise a facial attack upon a plaintiff's standing, and the Court must consider whether the allegations in the complaint, taken as true, support an inference of standing. *See Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279

(11th Cir. 2009).

### III.   DISCUSSION

At this stage in the litigation, Harris has raised a facial challenge to Chambers's standing to pursue declaratory and injunctive relief *only*. Unlike money damages, both declaratory and injunctive relief are forms of prospective relief. *See McGee v. Solicitor Gen. of Richmond Cnty., Ga.*, 727 F.3d 1322, 1325 (11th Cir. 2013) (explaining that "[d]eclaratory relief is by its nature prospective"); *see also Church*, 30 F.3d at 1337 (noting that "injunctions regulate future conduct"). "For a plaintiff seeking prospective relief to have standing, he 'must show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.'" *Koziara v. City of Casselberry*, 392 F.3d 1302, 1305 (11th Cir. 2004) (quoting *Johnson v. Bd. of Regents*, 263 F.3d 1234, 1265 (11th Cir. 2001)).

Turning to the complaint, Chambers pleaded that "[f]rom February 7, 2012, until April 30, 2012, and from June 27, 2012, until August 28, 2012, [he] was in custody in the Winston County Jail in Double Springs, Alabama." (Doc. 1 at 2 ¶ 5.) From the plain language of his pleading it is clear that Chambers's incarceration at the Jail ended on August 28, 2012, when he was either transferred or, more likely, released from the Jail. Importantly, Chambers has not included *any* facts to suggest that he has

returned to the Jail at any point since August 2012.

Although Chambers has pleaded facts to suggest that he was harmed while at the Winston County jail, this would only establish a live controversy on a claim for money damages and not a claim for declaratory or injunctive relief. *Adler v. Duval County School Bd.*, 112 F.3d 1475, 1477 (11th Cir. 1997) ("Equitable relief is a prospective remedy, intended to prevent future injuries. In contrast, a claim for money damages looks back in time and is intended to redress a past injury."). When a prisoner has been held in a jail but is later released or transferred, "[t]he general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." *McKinnon v. Talladega Cnty., Ala.*, 745 F.2d 1360, 1363 (11th Cir. 1984). In addition, Chambers has not pleaded any facts to suggest that his transfer or release was part of an effort to evade this Court's jurisdiction. *See id.* (suggesting that "this court might entertain jurisdiction over [the] claim if there were evidence of efforts on the part of the defendants to evade the jurisdiction of the court").

Moreover, an assertion that one may again be subject to an unconstitutional police policy does not generally give rise to standing to demand prospective relief. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 104, 103 S.Ct. 1660, 1666 (1983). Although

the Court is generally limited to the facts in the complaint when ruling on a motion to dismiss, the Court notes that Chambers attached various affidavits to his brief opposing the motion to dismiss, including one from himself. *See Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (noting that "[o]n defendants' motion to dismiss we must evaluate standing based on the facts alleged in the complaint"). In his affidavit, Chambers stated that he is scheduled for trial on three criminal charges arising out of his past incarceration and would return to the Jail if convicted. (Doc. 15-1 at 18–19 ¶ 6.) While Chambers indicated that he would return to the Jail if convicted, he maintains that he "engaged in no criminal conduct while . . . in custody." (*Id.*) Thus, in order to conclude that Chambers has standing to seek *prospective* relief based on *future* injury, the Court would have to assume that Chambers will be wrongly convicted for these offenses and held at the Jail.

Even were the Court to consider Chambers's affidavit in ruling on this motion, he would lack standing because this assumption would still be purely "conjectural, hypothetical, or contingent." *Emory v. Peeler*, 756 F.2d 1547, 1552 (11th Cir. 1985). Without some facts to suggest that Chambers is likely to again be subjected to the procedures at the Winston County jail, the Court will not assume that he will be wrongly convicted of a crime and returned to the Jail. *Cf. Church*, 30 F.3d at 1337–38

(determining that homeless individuals had standing to seek equitable relief because, unlike in *Lyons*, their status as homeless persons made it likely that they would violate various laws prohibiting them from gathering in public places). If, however, it later appears that Chambers's return to the Jail is imminent, Chambers could renew his demands for declaratory or injunctive relief as appropriate.

Instead of dismissing these claims, Chambers contends in his brief that the Court should allow him jurisdictional discovery on these issues. However, such request is due to be denied because he has not established a *prima facie* case that suggests the Court would have jurisdiction. *See Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir. 2009) ("Inasmuch as the complaint was insufficient as a matter of law to establish a *prima facie* case that the district court had jurisdiction, the district court abused its discretion in allowing the case to proceed and granting discovery on the jurisdictional issue.").[1]

Similarly, the Court should not grant leave to amend the declaratory and injunctive relief claims because it appears that the proposed amendments would be futile. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (noting that

---

[1] The Court also notes that Chambers "never formally moved the district court for jurisdictional discovery but, instead, buried such request[] in [his] briefs." *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1280 (11th Cir. 2009).

amendment is futile when a complaint would still be appropriately dismissed as amended). Chambers only seeks leave to amend in order "to set forth with particularity which policies of the Winston County Sheriff the Plaintiff alleges are unconstitutional." (Doc. 15 at 5.) However, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal, [though] it often turns on the nature and source of the claim asserted." *Warth v. Seldin*, 422 U.S. 490, 500, 95 S.Ct. 2197, 2206 (1975) (internal citation omitted). Thus, even if Chambers could clearly identify each policy at the jail that he wishes to challenge, without likely future contact with the jail he would *still* lack standing to seek declaratory or injunctive relief.

As the Court noted above, it would also not be enough to include Chambers's affidavit that he faces additional charges in Winston County, as he has maintained his innocence on those charges. In order to prospectively challenge the Jail's policies or customs, Chambers would have to plead facts to suggest that he faces likely incarceration in Winston County in the future. He has not suggested such facts, and thus dismissal without prejudice is appropriate. *See Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1234–35 (11th Cir. 2008) (noting that when a federal court lacks standing it should dismiss the claim without prejudice).

## IV.  CONCLUSION

For the reasons stated above, Harris's motion to dismiss Chambers's demands for declaratory and injunctive relief is due to be granted. (Doc. 11.) These demands will be dismissed without prejudice. A separate order consistent with this opinion will be entered.

Done this 9th day of June 2014.

_____
L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
174256